**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| ADRIAN CURRY,<br>　　　PLAINTIFF,<br><br>v.<br><br>TRAVELERS MANAGEMENT GROUP LLC,<br>REEL TIME CAPITAL, LLC,<br>　　　DEFENDANTS. | CASE NO.:　2:26-cv-03390-BHH |

## COMPLAINT AND JURY DEMAND

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by Travelers Management Group LLC ("TMG") and Reel Time Capital, LLC ("Reel Time").

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that TMG and Reel Time transact business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.

4. At all times relevant hereto, Plaintiff resided in this District.

### PARTIES

5. Plaintiff, Adrian Curry ("Plaintiff"), is an adult individual residing in Berkeley, County, South Carolina.

6. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

7. Defendant TMG is a foreign entity with its principal place of business in Florida. It transacts business throughout the United States.

8. TMG can be served in the state of Tennessee via its registered agent, Corporation Service Company, at 2908 Poston Ave., Nashville, TN  37203-1312, or in accordance with Tennessee law or Florida law or the Federal Rules of Civil Procedure.

9. As will be described below, TMG purchased, or otherwise received from another company, placement of a past due account allegedly owed by Plaintiff and attempted to collect that account from Plaintiff by communicating directly with Plaintiff and her family member(s) about

10. TMG advertises on its website (https://www.TMGcorporation.com/about.html) (last visited January 26, 2026):

> Our goal is to work with you in order to help you pay down your outstanding accounts, achieve financial freedom and take control of your life. We understand that outstanding accounts can accumulate as a result of unforseen circumstances, negatively impacting the state of your finances, credit status, and overall quality of life. By proactively working with TMG to resolve your outstanding accounts, you can pave the way for a brighter financial future.
>
> Take the first step by contacting us today! Our friendly and knowledgeable representatives are standing by to help.

11. The principal purpose of TMG is the collection of debts using the mails and telephone and other means.

12. TMG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purpose

13. TMG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Reel Time is a Delaware limited liability company believed to be doing business from its principal place of business at 4805 W Laurel St., Suite 300, Tampa, Florida 33607.

15. Reel Time can be served in Delaware via its registered agent, Corporation Service Company, at 251 Little Falls Dr., Wilmington, Delaware 19808.

16. As will be described below, Reel Time purchased a defaulted account from another creditor and hired TMG to collect that account from Plaintiff.  The principal purpose of Reel Time is the collection of debts using the mails and telephone and other means.  Reel Time regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

17. Reel Time is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**<u>FACTUAL ALLEGATIONS</u>**

18. At some time in the past, Plaintiff is alleged to have taken a personal loan from a company doing business as Cashnet USA, the funds from which were spent on various  personal effects, but were not used for any business or commercial purposes. This alleged loan is hereinafter referred to as the "Account."

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account allegedly went into default with the original creditor.

21. Plaintiff disputes the amount defendants attempted to collect from her.

22. Plaintiff requests that defendants cease all further communications regarding the Account.

23. After the Account allegedly went into default, on information and belief, the Account was purchased by Reel Time for the purpose of collecting the allegedly past-due balance.

24. On information and belief, Reel Time then hired TMG to collect the balance of the Account.

25. On or about April 8, 2025, TMG called Plaintiff's mother and left a message asking for Plaintiff's mother to instruct Plaintiff to call back to TMG.

26. TMG did not have Plaintiff's consent to speak with her mother in connection with its attempts to collect the Account.

27. On information and belief, TMG intended for the phone call to Plaintiff's mother to be an intimidation tactic to coerce Plaintiff into repaying the Account.

28. TMG also called Plaintiff directly, after it called her mother, and left a voicemail informing Plaintiff that it had called a relative and her place of employment.

29. Hoping to end the embarrassing calls to her relatives and her employer, Plaintiff called back to TMG.

30. When Plaintiff called back to TMG, she was told that she had to make a payment of $1,200 before noon that day (less than three hours from the time of the call) to avoid GMT "processing" her "case" that day.

31. Plaintiff could not afford $1,200 on demand and asked if she could pay a lower amount to avoid the threatened perils but she was told no and that her "case" was going to be "filed."

32. She was also told that the conversation was being recorded "for court" and she was asked if there was anything else she wanted to say to include it "for the record" and that these recordings would accompany her file to the "court."  Plaintiff was further provided a "case number" and was told to maintain that information for when she was "served."

33. On information and belief, neither TMG nor Reel Time has ever sued a consumer in the state of Tennessee to recover an allegedly defaulted consumer loan.

34. The language used by TMG was false, misleading and deceptive.  Neither TMG nor Reel Time had the present intention of suing Plaintiff to recover the balance of the Account as stated or implied.

35. The language used by TMG mispresented the status of the Account.

36. The language used by TMG mispresented the nature of the services provided by TMG.

37. The language used by TMG mispresented that TMG was a law firm and/or that attorneys were working on Plaintiff's Account.

38. In one or more communications with Plaintiff, TMG failed to inform Plaintiff that it was a debt collector, that it was attempting to collect a debt and/or that any information obtained would be used for the purpose of debt collection.

39. All of the defendants in this matter failed to ever provide Plaintiff with notice of Plaintiff's right to dispute the debt and/or request validation of the debt.

40. In one or more telecommunications with Plaintiff, TMG failed to provide meaningful disclosure of its identity to Plaintiff.

41. The collection practices used by TMG caused Plaintiff to suffer fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

42. The purpose TMG had for calling Plaintiff was to attempt to collect the Account.

43. The telephone calls described above each constituted a "communication" as defined by FDCPA § 1692a(2).

44. The only reason that TMG and its representative(s), employee(s) and/or agent(s) made telephone call(s) to Plaintiff and/or her family was to attempt to collect the Account.

45. The only reason that TMG and its representative(s), employee(s) and/or agent(s) had telephone conversation(s) with Plaintiff and/or her family was to attempt to collect the Account.

46. On information and belief Reel Time had actual knowledge that TMG repeatedly or continuously engaged in acts or practices prohibited by the FDCPA.

47. Reel Time ratified and/or approved of the unlawful collection methods described above so that it could profit from those unlawful collection methods.

48. All of the conduct by TMG and Reel Time and their respective employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

49. As a consequence of Defendants' collection activities and communication(s), Plaintiff seeks damages and attorneys' fees and costs pursuant to 15 U.S.C. § 1692k.

## RESPONDEAT SUPERIOR

50. The representative(s) and/or collector(s) at TMG were employee(s) and/or agents of TMG at all times mentioned herein, they acted within the scope and course of their employment at all times mentioned herein, they were under the direct supervision and control of TMG at all times mentioned herein and their actions are imputed to their employer, TMG.

51. The representative(s) and/or collector(s) at Reel Time were employee(s) and/or agents of Reel Time at all times mentioned herein, they acted within the scope and course of their employment at all times mentioned herein, they were under the direct supervision and control of Reel Time at all times mentioned herein and their actions are imputed to their employer, Reel Time.

52. Reel Time was aware of and profited from the collection methods and practices used by employees of TMG.

53. The actions and inactions of the employee(s) and/or agents of TMG are imputed to Reel Time.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. §1692, et seq.

54. The previous paragraphs are incorporated into this Count as if set forth in full.

55. The act(s) and omission(s) of TMG and its respective representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692e generally and specifically §1692e(2)&(3)&(5)&(8)&(10)&(11)&(13) and 15 U.S.C. § 1692g(a).

56. By influencing and/or controlling and/or ratifying and/or profiting from the conduct of TMG and its respective representative(s), employee(s) and/or agent(s), Reel Time is liable to Plaintiff for violations by TMG for violations of 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692e generally and specifically §1692e(2)&(3)&(5)&(8)&(10)&(11)&(13) and 15 U.S.C. § 1692g(a).

57. Pursuant to 15 U.S.C. §1692k Plaintiff seeks damages, reasonable attorney's fees and costs from TMG and/or Reel Time.

### COUNT II:  INVASION OF PRIVACY (INTRUSION ON SECLUSION)

58. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, TMG and Reel Time are liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion). TMG and Reel Time intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

59. Plaintiff suffered actual damages from TMG and Reel Time as a result of the intrusion on Plaintiff's privacy.

### JURY TRIAL DEMAND

60. Plaintiff is entitled to and hereby demands a trial by jury.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

61.  Judgment in favor of Plaintiff and against TMG and Reel Time, jointly and severally, as follows:

    a.  Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

b.  Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

c.  Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

d.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

MARY LEIGH ARNOLD, P.A.

*/s/ Mary Leigh Arnold*
Mary Leigh Arnold
(District Court Id. No. 3856)
749 Johnnie Dodds Blvd, Suite B
Mount Pleasant, South Carolina 29464
(843) 971-6053 – telephone
sammie@maryarnoldlaw.com